**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORITA HILWANI, | No. 08-71206 |
| Petitioner, | Agency No. A096-345-837 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH Circuit Judges.

Norita Hilwani, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision ("IJ") denying her application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports both the IJ's finding that the harassment Hilwani experienced on the street and the incident in which a man stole her necklace were not on account of a protected ground, s*ee Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (no evidence that persecutors of woman in violation of Islamic dress standards "knew of her political or religious beliefs"), and the IJ's finding that the harm she experienced, even considered in the aggregate, did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1998).

In addition, the record does not compel the conclusion that Hilwani, as a moderate Muslim, has demonstrated a well-founded fear of future persecution even under disfavored group analysis. *Cf. Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004). Substantial evidence also supports the IJ's determination that she did not meet her burden to show that relocation in Indonesia would not be reasonable. *See* 8 C.F.R. § 1208.13(b)(3)(i).

**PETITION FOR REVIEW DENIED.**